IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPORT DIMENSION, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 23-cv-15414 |
| ) | |
| v. ) | |
| ) | Judge Harry D. Leinenweber |
| THE INDIVIDUALS, CORPORATIONS, ) | |
| LIMITED LIABILITY COMPANIES, ) | |
| PARTNERSHIPS, AND UNINCORPORATED ) | |
| ASSOCIATIONS IDENTIFIED ON SCHEDULE ) | |
| A HERETO, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
BY DEFENDANT NO. 208 "WELEBAR"**

Plaintiff SPORT DIMENSION, INC. (hereinafter "Plaintiff" or "PADDLE PALS"), by its attorneys, Hughes Socol Piers Resnick & Dym, Ltd., responds to the Motion to Dismiss (hereinafter "Motion") by Defendant No. 208 "WELEBAR" (hereinafter "Defendant") as follows.

### I.   INTRODUCTION

Plaintiff properly plead the claims in its complaint with sufficient notice to apprise Defendant of its claims for design patent infringement. Plaintiff has provided a sufficient description of its life jacket, provided an image on its website and attached a copy of U.S. Design Patent No. D744,603 and Trademark Registration No. 4,819,802 for its "PADDLE PALS" mark to its Complaint to inform Defendant of the claims against it.

Defendant's Motion to Dismiss ("Motion") provides arguments related to the validity of Plaintiff's design patent, which is improper at this stage of the case. The correct standard is

whether Plaintiff has sufficiently plead its claims with sufficient notice to apprise Defendant of the claims against it.

Additionally, Defendant is properly joined because Plaintiff sufficiently demonstrates that Defendants' actions arise from the same transaction or occurrence, refuting Defendant's claims of severance and, as such, Defendant's Motion should be denied.

## II. STANDARD OF REVIEW

To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and (2) plausibly suggests that the plaintiff has a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also, Ashcroft v. Iqbal,* 550 U.S. 656, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* citing *Twombly*, 550 U.S. at 556.

## III. STATEMENT OF FACTS

On October 30, 2023, Plaintiff filed a complaint alleging design patent infringement. [Dkt. No. 1]. Plaintiff also filed a Motion for Entry of a Temporary Restraining Order ("TRO") on October 30, 2023. [Dkt. Nos. 10, 11]. On November 2, 2023, this Court granted Plaintiff's

Motion for Entry of a TRO. [Dkt. Nos. 24, 25]. On November 13, 2023, Plaintiff filed a Motion to Extend the TRO [Dkt. No. 29] which was granted on November 14, 2023, and extended the TRO to November 30, 2023. [Dkt. No. 30]. Plaintiff filed a Motion for Entry of a Preliminary Injunction and a supporting Memorandum against Defendant on November 27, 2023. [Dkt. No. 47, 48]. Defendants, including Defendant No. 208 "WELEBAR" were properly served with the summons, complaint, TRO, Motion for Entry of Preliminary Injunction and supporting Memorandum on November 27, 2023. [Dkt. No. 51]. On November 30, 2023, this Court granted Plaintiff's Motion for Entry of a Preliminary Injunction against defendants except certain defendants including Defendant No. 208 "WELEBAR". [Dkt. No. 52].

On November 16, 2023, Counsel for Defendant filed an Appearance. [Dkt. No. 37]. On November 26, 2023, Defendant filed a Motion to Dismiss. [Dkt. No. 45]. On November 30, 2023, this Court set a briefing schedule whereby Plaintiff's Response is due by December 22, 2023, and Defendant's Reply is due by January 8, 2024. [Dkt. No. 52].

## IV. ARGUMENT

### A. Plaintiff Fully Sets Forth a Design Patent Infringement Claim Under 35 U.S.C. § 271

Defendant's motion focuses on whether Plaintiff has proved its case of patent infringement rather than whether Plaintiff has sufficiently plead its claim under the notice pleading standard required by this Court. Defendant claims that the design of the floatation device of Defendant No. 208 "WELEBAR" is substantially different than Plaintiff's design. (Defendant's Motion, pgs. 4-5 [Dkt. No. 45]). In support, Defendant cites a prior ruling by this Court regarding a different defendant (No. 199 "JIECHUANGTE-US") despite the fact that the cited floatation device is dissimilar to that of Defendant's. Defendant also asks this Court to determine patent eligibility under 35 U.S.C. § 101.

3

However, that is not the relevant test at this point in the case. Plaintiff need not prove anything at this point. "The purpose of a Rule 12(b)(6) motion to dismiss is to test the *legal* sufficiency of the complaint, not to determine whether the facts are sufficient to prove the claims." *Li v. Illinois Dep't of Fin. & Prof'l Regulation*, No. 17 CV 2498, 2018 WL 1453551, at *3 (N.D. Ill. Mar. 23, 2018).

Defendant further debates the merits of the case by arguing the differences between Defendant's product and Plaintiff's product. (Defendant's Motion, pgs. 4-7 [Dkt. No. 45]). Whether or not the accused product and Plaintiff's product are considered to be "substantially the same" in the mind of an ordinary observer is not at issue at this stage. *Id*.pg. 4. Defendant's Motion is premature for this stage of pleading and therefore should be denied.

B. <u>Plaintiff Sufficiently Provided a Short and Plain Statement of its Claims</u>

Plaintiff complies with the notice pleading standard by properly describing its product and alleging that Defendant infringed Plaintiff's patent design claim. The allegations of the Complaint, which include detailed descriptions and a copy of the infringed Design Patent, support the claim that Defendant infringes Plaintiff's design.

Defendant is confused about what is required under federal notice pleading -- that a complaint is required to contain a "(1) short and plain statement of the grounds for the court's jurisdiction … ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

Plaintiff describes its personal floatation device as a "life jacket with attached arm bands …" (Complaint, ¶ 7, pg. 3 [Dkt. No. 1]). Plaintiff further describes the distinct features of its life jacket, namely, the "safety shoulder harness" that "prevents the vest from sliding off during use

and keeps the child from removing the life jacket without help." (*Id.*, ⁋ 7, pg. 3). Plaintiff provides further distinct features such as "[a] quick-release rear safety buckle …" that "… is adjustable for a secure fit." *Id*. Plaintiff describes the materials of the safety vest as being "manufactured from a durable polyester material that includes a multi-panel design for superior comfort." *Id.* Plaintiff follows the detailed description with a link to a website where images of the life jacket are displayed and an image from that website. Additionally, attached as Exhibit 1 to Plaintiff's Complaint, Plaintiff includes a copy of the '603 Design Patent. The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013).

    The present case is similar to *Bigfoot 4x4, Inc. v. The Partnerships, et al.,* wherein a defendant filed a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [Dkt. No.42] raising numerous substantive defenses to plaintiff's claims of trademark infringement. *Bigfoot 4x4, Inc. v. The Partnerships et al.,* 23-cv-147 (J. Blakey). The Court determined that based upon plaintiff's allegations that they are the owners of the Bigfoot trademark, which is valid, subsisting and in full force and effect and that defendant willfully infringed plaintiff's trademarks on counterfeit products, the Court denied defendant's motion to dismiss. [Dkt. No. 57].

    In the present case, Plaintiff has properly alleged that it is the owner of the '603 Design Patent and that Defendant infringed Plaintiff's design patent. Following the Court's logic in *Bigfoot 4x4, Inc. v. The Partnerships et al.,* 23-cv-147, it is clear that there is no lack of specificity in Plaintiff's Complaint and Defendant had fair warning as to the subject matter of the

claim. As such, Plaintiff has satisfied all of the elements of F.R.C.P. 8(a); and, therefore, Defendant's Motion should be denied.

C. In the Alternative, Plaintiff Requests Leave to File an Amended Complaint

If this Court is inclined to determine that Plaintiff has not sufficiently plead the claim of design patent infringement, Plaintiff requests leave to file an Amended Complaint. Under Rule 15(a)(2), a district court should freely allow a plaintiff to amend its complaint to dismiss defendants from a case unless there is a good reason to deny the amendment. F.R.C.P. 15(a)(2); *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019); *Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015).

D. Joinder of Defendant is Appropriate

This action was filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed products using infringing and counterfeit versions of Plaintiff's PADDLE PALS design. As part of a coordinated effort to sell Counterfeit Products, defendants operate under the nondescript e-commerce stores listed in Schedule A to the Complaint and use templates with common design elements that intentionally omit any contact information or other information for identifying defendants. [Dkt. No. 1 at ¶ 25-27]. Defendant takes advantage of this anonymity, as well as the mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's design and exploit U.S. consumers. Plaintiff faces a "swarm of attacks" on its intellectual property rights, and "filing individual causes of action against each counterfeiter ignores the form of harm" that Plaintiff faces. *Bose Corp. v. Partnerships et al.,* 334 F.R.D. 511, 517 (1:19-cv-07467) (N.D. Ill. Feb. 19, 2020) [Dkt. No. 46] (Durkin, J). Joinder is proper because Fed. R. Civ. P. 20's inclusion of the term

"occurrence" allows a plaintiff to join in a single case the defendants who participate in such unlawful occurrences. *Id*. *See also Oakley, Inc. v. The Partnerships et al.*. No. 1:20-cv-05972 (N.D. Ill. Nov. 9, 2020) (unpublished) [Dkt. No. 27] (Valderrama, J.). ("Plaintiff has sufficiently demonstrated that [the asserted claims] arise out of the same occurrence or series of occurrences").

Well-pleaded allegations in Plaintiff's Complaint establish that defendants are working in a similar manner and during the same time period to sell Counterfeit Products, as part of the same "occurrence" of mass harm, *i.e.*, the swarm of all defendants attacking Plaintiff's federally registered PADDLE PALS design at once. *Bose Corp.*, 334 F.R.D. at 516. This establishes a logical relationship supporting joinder. Joinder at this stage is consistent with hundreds of factually similar cases and comports with the strongly encouraged policy of "entertaining the broadest possible scope of action consistent with fairness to the parties." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); s*ee also Bose Corp.*, 334 F.R.D. at 517 (e-commerce stores offering for sale counterfeit Bose products properly joined); *Oakley, Inc. v. The Partnerships, et al.*, No. 1:20-cv-05972 (N.D. Ill. Nov. 9, 2020) (unpublished) [Dkt. No. 27] (Valderrama, J.). ("Plaintiff has sufficiently demonstrated that [the asserted claims] arise out of the same occurrence or series of occurrences.")

Given the nature of Plaintiff's claims, joinder is proper under Civil Rule 20(a)(2).; *See Too Faced Cosmetics, LLC v. Operators of KTKT Store, et al*., No. 19-cv-07762 (N.D. Ill. Feb. 12, 2020) (Lefkow, J.) [Dkt. Nos. 22, 27, 30] (finding joinder appropriate in factually similar case after supplemental briefing); *Gold's Gym Licensing LLC v. Operators of dropshipping fast ship Store, et al*., No. 19-cv-07446 (N.D. Ill. Jan.15, 2020) (Lefkow, J.) [Dkt. Nos. 32, 38, 43]. (same); *Otter Products, LLC, et al. v. James Chen, et al.*, No. 16-cv-06807 (N.D. Ill. Aug. 31, 2016)

(Shadur, J.) (same). Indeed, cases like this one have proven effective at substantially reducing online counterfeiting and infringement and preventing consumer confusion.

The Supreme Court has stated that under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) (quoting *Gibbs*, 383 U.S. at 724). Above all, the Seventh Circuit has noted that the purpose of a liberal Rule 20(a) joinder requirement "is to enable economies in litigation." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Courts have not provided a bright-line definition for this phrase so that it can continue to be flexible enough to allow effective trial management. *See In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) (citing 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001)).

As to the first prong of Fed. R. Civ. P. 20(a)(2), courts have applied this "transaction or occurrence" requirement using a "case-by-case approach" based on a "flexib[le] . . . standard [that] enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *In re EMC Corp.*, 677 F.3d 1358, 1358 (Fed. Cir. 2012). The Seventh Circuit has not fashioned a definitive standard for determining what constitutes a single transaction or occurrence. *See Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. Oct. 19, 2000) [Dkt. No. 21] (explaining that "no hard and fast rules have been established" in this context). Similarly, the phrase "transaction or occurrence" is not defined in Rule 20(a); however, courts have looked to the similar "transaction or occurrence" test for compulsory counterclaims in Rule 13(a). *Mosley*, 497 F.2d 1330, 1333; *PTG Nev., LLC v. Doe*, 2016 U.S. Dist. LEXIS 83546, at *7 (N.D. Ill. June 28, 2016). For the purposes of Rule 13(a), the

Supreme Court has stated that "[t]ransaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. N.Y. Exch.*, 270 U.S. 593, 610 (1926); *see also Burlington N.R. Co. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990) (applying "logical relationship" test to determine whether the "transaction or occurrence" is the same for purposes of Rule 13(a)). Factors considered by Courts in this District include whether the alleged conduct occurred during the same general time period, involved the same people and similar conduct. *Lozada v. City of Chicago*, 2010 U.S. Dist. LEXIS 89231, at *7 (N.D. Ill. Aug. 30, 2010) (Aspen, J.). The Court has "considerable discretion" and "flexibility" in determining whether Plaintiff has plausibly alleged such a relationship. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). Other Circuits have applied the "logical relationship" test to interpret "same transaction or occurrence" as it appears in Rule 20(a) and found that "all reasonably related claims for relief by or against different parties" can be tried in a single proceeding. *Mosley*, 497 F.2d at 1333. Absolute identity of all events is unnecessary. *Id.*; *see also Alexander v. Fulton County,* 207 F.3d 1303, 1323 (11th Cir. 2000)).

F.R.C.P. 20 similarly does not define "occurrence" and courts have not considered the meaning of "occurrence" apart from the meaning of "transaction." *Bose Corp.*, 334 F.R.D. at 516. However, "canons of construction ordinarily suggest that terms connected by a disjunctive . . . be given separate meanings," and the dictionary definitions suggest that "occurrence" is much broader than "transaction." *Id*. An "occurrence" is defined as something that simply happens or appears and is not necessarily the product of joint or coordinated action. *Id*. *See also Oakley, Inc. v. The Partnerships et al.,* No. 1:20-cv-05972 (N.D. Ill. Nov. 9, 2020) (unpublished) [Dkt. No. 27]. (Valderrama, J.).("Plaintiff has sufficiently demonstrated that [the asserted claims] arise out of the same occurrence or series

9

of occurrences").

### 1. Well-Pleaded Allegations Establish Joinder

"In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true." *Desai v. ADT Sec. Services, Inc.*, 2011 U.S. Dist. LEXIS 77457, at *8 (N.D. Ill. July 18, 2011) [Dkt. No. 57] (Bucklo, J.). A court must construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must only put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the Plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Plaintiff's well-pleaded allegations establish that the defendants are all operating in the same transaction, occurrence, or series of transactions or occurrences and, therefore, joinder is proper. Each of the defendants fit into the following profile: (1) defendants use nondescript Seller Aliases ([Dkt. No. 1 at ¶¶ 25-27]), (2) no credible information regarding defendants' physical addresses is provided, and (3) defendants show evidence of market coordination, *i.e.*, using the same advertising and marketing strategies to target consumers while attempting to evade enforcement [Dkt. No. 1 at ¶ 25-27] In this case, for example, a well-pleaded fact is that the defendants lack any contact information in the storefronts or product listings and that defendants engaged in fraudulent conduct when registering the defendants by providing false, misleading and/or incomplete information to e-commerce platforms. [Dkt. No. 1 at ¶ 26].

Additional well-pleaded facts include that "… some of the defendant websites have virtually identical layouts, even though different aliases were used to register the respective

online marketplace accounts." [Dkt. No. 1 at ¶ 24] and that the "… Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. [Dkt. No. 1 at ¶ 4].

Plaintiff's specific factual allegations that defendants are working in a similar manner and during the same time period to sell Counterfeit Products, collectively in the same "occurrence of mass harm," show a logical relationship supporting joinder. *Bose Corp.*, 334 F.R.D. at 516. Even if defendants are not directly coordinating, Plaintiff alleges that defendants "take advantage of a set of circumstances – the anonymity and mass reach afforded by the internet and the cover afforded by international borders – to violate [Plaintiff's] designs with impunity." *Id*. "[I]t is plausible that Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they do not engage in direct communication or coordination." *Id*. Defendants are alleged to be infringers, and "want to blend in to cause consumer confusion." *Id.* at. 514.

As a result, it is not possible to link all or clusters of seller aliases together using arbitrary commonalities. Likewise, Plaintiff is not required to show and provide evidence that each of the defendants is commonly owned at the pleading stage. Such linking efforts are extremely cumbersome and time consuming and not required by F.R.C.P. 20 to join multiple defendants at the pleading stage, especially without adversarial presentation and the opportunity to conduct discovery.

### 2. Well-Pleaded Allegations Satisfy F.R.C.P. 20(A)(2)(B)

Plaintiff's well-pleaded allegations also satisfy F.R.C.P. 20(a)(2)(B), which provides that

11

joinder is proper if "any question of law or fact common to all defendants will arise in the action." In this case, defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully used and continue to use Plaintiff's PADDLE PALS designs in connection with the advertisement, distribution, offering for sale, and sale of Infringing PADDLE PALS Products into the United States and Illinois over the Internet. [Dkt. No. 1 at ¶ 28]. In addition, the methods Plaintiff will use to investigate, uncover, and collect evidence about any infringing activity will be the same or similar for each defendant. While each defendant may later present different factual evidence to support individual legal defenses, prospective factual distinctions do not defeat the commonality in facts and legal claims that support joinder under F.R.C.P. 20(a)(2)(B) at this stage in the litigation. *See First Time Videos, LLC v. Does 1–500*, 276 F.R.D. 241, 251–52 (N.D. Ill. August 9, 2011) [Dkt. No. 151] (Castillo, J.).

        3.   <u>Joinder is Consistent with Fairness, Convenience and Judicial Economy</u>

Joinder at this stage also serves the important interests of convenience and judicial economy, leading to a just, speedy, and inexpensive resolution for Plaintiff, defendants and this Court. Joinder does not create any unnecessary delay nor does it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and defendants alike. Defendants may be required to defend identical, concurrent lawsuits if severed prematurely into separate cases (which is what happened in *SanDisk* above). Additionally, the Federal Rules of Civil Procedure only apply to the extent that they "affect any party's substantial rights." F.R.C.P. 61; *see also Coach, Inc. v. 1941 Coachoutletstore.com*, 2012 U.S. Dist. LEXIS 1311, at *12 (E.D. Va. Jan. 5, 2012). Plaintiff anticipates that defendants will be individually subject to default, and "there is no prejudice to any defaulting defendant, whose liability may be

12

established upon default irrespective of the presence of any other defendant." *Id. See also Oakley, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A",* No. 1:20-cv-05972 (N.D. Ill. Nov. 9, 2020) (unpublished) (Valderrama, J). [Dkt. No. 27] ("The Court additionally notes that no defendants are prejudiced by permitting joinder at this juncture").

The resources of the Court, other judges in this District, and other Districts will be substantially taxed if Plaintiff's claims against defendants are severed into multiple separate lawsuits. "Requiring the filing of separate complaints could flood the courts with thousands of additional single defendant Lanham Act cases, with no difference in resolution of nearly every case in a practical sense. The only thing that will inevitably occur is the slowdown of adjudications of other lawsuits, or the decrease of filings of cases which on their face have alleged plausible violations of the Lanham Act." *Bose Corp.*, 334 F.R.D. at 517, n.6. *SanDisk* illustrates the inefficiencies identified in *Bose Corp.* that result from narrow approaches to joinder. Importantly, such impediments would also reduce the ability of Plaintiff and other brand owners to effectively protect their intellectual property rights and consumers in a cost-effective manner. This is especially true in the context of online counterfeiting. Online counterfeiting is a rampant and widespread issue for brand owners because, in recent years, marketplace platforms have emphasized opening and marketing their services to sellers located in China seeking to sell directly to U.S. consumers. Cases like the present case are one of the few effective mechanisms for stopping and deterring online counterfeiting.

In sum, Plaintiff's well-pleaded allegations establish that the named defendants are participating in the same unlawful occurrence or series of occurrences and that joinder is proper. Plaintiff would be severely prejudiced if it was required to file separate lawsuits simply because defendants registered a particular e-commerce store using a different Seller Alias.

13

## V.  CONCLUSION

In conclusion, Plaintiff has sufficiently plead its claims with sufficient notice to apprise Defendant of the claims against it. Plaintiff has attached copies of the '603 Design Patent and the '802 Trademark Registration for its "PADDLE PALS" mark and provided a proper description of its patent for Defendant to sufficiently defend this case. As a result, Defendant's Motion to Dismiss should be denied.

Respectfully submitted,

Dated: December 21, 2023

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com
wkalbac@hsplegal.com
rmcmurray@hsplegal.com
Attorneys for Plaintiff
SPORT DIMENSION, INC.

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that a true and correct copy of the foregoing Response was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on December 21, 2023.

                                              s/Michael A. Hierl