IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Sport Dimension, Inc., | ) |
| | ) Case No.: 1:23-cv-15414 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) The Hon. Harry D. Leinenweber |
| | ) |
| THE INDIVIDUALS, CORPORATIONS, LLCS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE, | ) ) ) ) ) |
| Defendants. | |

**DEFENDANT WELEBAR'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Dismissal is proper as to WELEBAR for two reasons. First, it was wrongly ensnared in this action via mass joinder. Second, its products are distinctively different from the Plaintiff's product. The Complaint should thus be dismissed as to WELEBAR under Federal Rules of Civil Procedure 12(b)(6) and 20(a)(2).

**ARGUMENT**

A. Rule 20(a)(2) Precludes Mass Joinder.

Under Federal Rule of Civil Procedure 20(a)(2), defendants may be joined in a single action only if the claims against them are asserted with respect to the same transaction, occurrence, or series of transactions or occurrences, and a question of law or fact exists common to all defendants. FED. R. CIV. P. 20(a)(2)(A)-(B). Both are absent here. In response, the Plaintiff cites a slew of Schedule A cases approving the joinder of hundreds of online retailers as Defendants. *See* Response at 6-13. The Plaintiff

acknowledges a significant swath of cases permit this approach. Still, WELEBAR respectfully requests the Court to evaluate the due process considerations at stake. While judicial efficiency has its place, it cannot supplant the due process rights of litigants. Moreover, these Defendants are from a variety of different and unique online platforms. There are also different transactions and occurrences that have led to the alleged infringements. This is a clear case of misjoinder.

Further, WELEBAR encourages the Court to follow the logic of *Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020). That Court found that one defendant's alleged infringement dis not arise out of the same transaction, occurrence, or series of transactions or occurrences as another defendant's unrelated infringement." *Id.* Notably, in the lengthy analysis of joinder in the Response, Estee Lauder is conspicuously absent. Regardless, the Plaintiff has not demonstrated its claims against WELEBAR arise out of the same transaction or occurrence as those against the other hundreds of Defendants. Nor do any allegations single out WELEBAR. Rather, the Complaint is steeped in generalizations. *See* Doc. 1 at ¶ 28. This cannot demonstrate that WELEBAR is properly joined as a Defendant. *See Estee Lauder*, 334 F.R.D. at 187. Because the Plaintiff provides no details of WELEBAR's alleged infractions, the Complaint against it falls due to improper joinder under Rule 20(a)(2).

B.    The Plaintiff Fails To State A Claim Under Rule 12(b)(6).

Next, the Plaintiff asserts that the WELEBAR's Motion is "premature" because it contests the merits of the case by arguing the differences between the parties' products. *See* Response at 4. As such, WELEBAR's contentions should not be ruled on at the pleadings stage. *See id*. Regardless of whether WELEBAR's arguments would better

constitute an affirmative defense, this case is ripe for dismissal now. While ordinarily, a court will not grant a Rule 12(b)(6) motion based on the presence of an affirmative defense. *Hebrew Univ. of Jerusalem v. DealzEpic*, 2022 U.S. Dist. LEXIS 136042 (Aug. 1, 2022 N.D. Ill.), *8, n.4. But when all relevant facts are presented, the court may properly dismiss a case before discovery on the basis of an affirmative defense. *Id*.; *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Instructive on this point is *Hebrew University.* There, the University "submitted its trademark and images of the dealzEpic Amazon advertisement, and it does not dispute that I possess all the facts necessary to resolve the fair-use issue at this stage." 2022 U.S. Dist. LEXIS 136042, *8, n.4.

As in *Hebrew Univ.*, the Court here has everything it needs to rule. Plaintiff has presented its entire case against WELEBAR in the Complaint. Plaintiff submitted its registrations and all evidence of alleged infringement against the Defendants. Doc. 1. Plaintiff does not claim that it may find more instances of infringement if discovery proceeds. In fact, Plaintiff does not claim it needs discovery on any issue. Thus, the case can be decided now on the pleadings.

On the merits, the Plaintiff declines to engage WELEBAR's analysis. *See* Response at 4. The Court should not. The contrast in images reflects the propriety of dismissal. Namely, the two significant differences are the sharp V-shape at the front. This contrasts with the long, curved nature of Plaintiff's patent. Second, the Plaintiff has two unbroken cylindrical armbands, whereas WELEBAR's device contains lines on each armband, breaking up the armbands into two sections. Comparing the ornamental designs of the two flotation devices, the differences prevent deception of an ordinary observer. They also keep the accused product from being so similar to the claimed designs that "in the market and with purchasers they

3

would pass for the same thing - so much alike that even persons in the trade would be in danger of being deceived." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008). The Plaintiff's Response offers nothing to the contrary.

Next, the Plaintiff does not refute WELEBAR's arguments that the Complaint only provides labels and conclusions, and simply recites the elements of patent infringement. Instead, the Plaintiff stays in the abstract, reciting black letter propositions of law without application to WELEBAR. *See* Response at 5. Thus, the assertions of the Motion to Dismiss, that the Complaint articulates no grounds for relief specifically against WELEBAR, or that any act by WELEBAR, a well-established retailer on Amazon, in selling its own explicitly branded product would have confused the public, remain standing. As such, Plaintiff has failed to comply with federal pleading standards, warranting the remedy of dismissal.

## CONCLUSION

The Court should dismiss the Plaintiff's Complaint because it is defective on its face. The Complaint not only failed to give fair notice to Defendants under Rule 8, but also failed to establish prima facie cases for all of Plaintiff's claims against WELEBAR, even if the Complaint is construed in the light most favorable to Plaintiff. For the foregoing reasons, and those set forth in the Opening Motion, the Defendant WELEBAR respectfully requests the Court dismiss this case, and grant any further relief the Court deems just.

January 8, 2024            Respectfully submitted,

                                       <u>s/ Christopher Keleher</u>
                                       Christopher Keleher
                                       The Keleher Appellate Law Group, LLC
                                       1 East Erie St.
                                       Suite 525

Chicago, IL 60611
312-448-8491
ckeleher@appellatelawgroup.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 8, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully submitted,

<u>s/ Christopher Keleher</u>

Christopher Keleher
The Keleher Appellate Law Group, LLC
1 East Erie St.
Suite 525
Chicago, IL 60611
312-448-8491
ckeleher@appellatelawgroup.com